UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH A BERDICK MD and
KENNETH A BERDICK MD, P.A.

       Plaintiffs,

v.                                                        Case No: 2:17-cv-716-FtM-38CM

KINSALE INSURANCE COMPANY,
GEORGE SHALHUB and SABA
SHALHUB,

       Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant Kinsale Insurance Company's Response to Order to Show Cause and Motion for Jurisdictional Discovery (Doc. 20), and Plaintiffs Kenneth Berdick, M.D., and Kenneth Berdick M.D., P.A.'s (collectively "Berdicks") Reply to that Response (Doc. 25). This matter is ripe for review.

This is a declaratory judgment action stemming from a refusal to defend in a medical malpractice suit. (Doc. 2). Kinsale issued a medical claims insurance policy to Kenneth Berdick, M.D., with Kenneth Berdick, M.D., P.A. as an additional insured. (Doc. 2). Kinsale then refused to defend the Berdicks in a malpractice suit filed by George and

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Saba Shalhub. (Doc. 2). The Berdicks prevailed and brought this declaratory judgment suit against Kinsale in state court. (Doc. 2). Kinsale removed the action claiming diversity jurisdiction. (Doc. 1). Thereafter, the Court issued a show cause order expressing its concern regarding the amount in controversy. (Doc. 17).

Kinsale and the Berdicks responded and took conflicting positions. (Docs. 20; 25). Kinsale argues that the amount in controversy is satisfied because the potential to recover attorney's fees, both past and future, exceeds $75,000. (Doc. 20). To support that claim, Kinsale submitted an affidavit estimating total attorney's fees in this case at $60,000, and an affidavit of partial fees and costs totaling $30,335.02 from the medical malpractice action. (Docs. 20 at 5; 20-1; 20-2). The Berdicks argue for remand because future attorney's fees in this suit have no bearing on the amount in controversy. (Doc. 25).

To start, the Court must determine whether future attorney's fees matter in an amount in controversy analysis. Generally the amount in controversy "requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Even so, district courts in this circuit split on "whether to include the projected amount of attorney's fees or only attorney's fees as of the time of removal." *Miller Chiropractic & Med. Centers, Inc. v. Progressive Select Ins. Co.*, 8:16-CV-3034-T-33MAP, 2016 WL 6518782, at *1 (M.D. Fla. Nov. 3, 2016) (identifying courts that include estimated attorney's fees through trial or limit attorney's fees to those that accrued up to the time of removal). This Court falls in the latter camp and sees "no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal and the court cannot rely on post-removal events in examining subject matter jurisdiction." *Waltemyer v. N.W. Mut. Life Ins. Co.*, 206CV597FTM29DNF, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2,

2007). Therefore, it will not rely on Kinsale's affidavit estimating post-removal attorney's fees to determine the amount in controversy.

To that end, the amount in controversy is limited to attorney's fees from the medical malpractice case and from the pre-removal period. In this context, the Court finds that Kinsale has not met its burden to prove the amount in controversy. *See Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (holding that a removing defendant has the burden to prove the amount in controversy by a preponderance of the evidence). The Court also denies Kinsale's request for jurisdictional discovery. The case will be remanded to state court.

Accordingly, it is now

**ORDERED:**

1. Defendant Kinsale Insurance Company's Motion for Jurisdictional Discovery (Doc. 20) is **DENIED.**

2. The Clerk of Court is directed to **REMAND** this case to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is further directed to **TERMINATE** all pending motions, deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of February, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record